[No. 3026-1-III.   Division Three.   February 7, 1980.]

CAROLYN SCHAFER, *Respondent,* v. DARRELL
SCHAFER, *Appellant.*

*Patrick R. Acres,* for appellant.

*William J. Powell* and *Powell & Harnetiaux,* for respondent.

MUNSON, J.—Dr. Schafer appeals a dissolution modification order which denied him a credit against his past-due child support and reduced the amount of time he could visit with his daughter. He does not appeal from that portion of the order transferring custody of a son to him.

The unchallenged findings of the trial court reflect: The parties were divorced in 1969. Mrs. Schafer was awarded custody of the three children[1] and support in the amount of $175 per month per child. At the end of the summer visitation in 1976, Jeffrey, then age 14, decided to stay with his father. The trial court found that Jeffrey was beyond the control of Mrs. Schafer at that time. Mrs. Schafer was also experiencing difficulties controlling Wade. The problems were such that she was required to seek help from relatives, neighbors, and a Boy Scout troop leader. At the end of the summer visitation in 1977, Wade, then age 13; decided to remain with his father. Dr. Schafer reduced the amount of his child support payments by $175 per month when Jeffrey refused to return to his mother and by a like

---

[1] At the time of the divorce, Jeffrey was then age 7 years, Wade was then age 5 years, and Margaret was then age 9 months.

amount when Wade refused to return. Jeffrey was killed in an automobile accident in September 1977.

Dr. Schafer brought this action in January of 1978 to obtain custody of Wade. Mrs. Schafer responded with a petition to modify the original decree with regard to Dr. Schafer's visitation rights, to increase his child support obligation, and to recover the delinquent child support.

The trial court, after careful consideration of the entire record, granted the change of custody as to Wade. However, the court concluded that Dr. Schafer's assumption of the support of Jeffrey in 1976 and of Wade in 1977 was voluntary because he could and should have petitioned for modification of the custody and support provisions of the decree at the time he became the actual custodial parent of each child. The credit sought for the past–due support payments was denied. The court decreased Dr. Schafer's visitation rights with the youngest child and increased the amount to be paid for her support. Dr. Schafer appeals. We reverse and remand.

The first issue is whether Dr. Schafer's failure to seek modification of the custody and support provisions of the decree, without more, is sufficient to support the trial court's conclusion that Dr. Schafer *voluntarily* expended monies on his sons after assuming custody of them.[2]

As noted by the late Justice Robert C. Finley in a concurring opinion, there are two apparently conflicting lines of cases in Washington which deal with past–due child support. *Koon v. Koon,* 50 Wn.2d 577, 582, 313 P.2d 369 (1957). This apparent conflict stems from the following rules of law: (a) unpaid installments of child support become judgments in favor of the custodial parent as they accrue and may not be modified retroactively, *Koon v. Koon, supra* at 579; but (b) special considerations of an equitable nature may justify the court's granting of a credit

---

[2]The question of whether a parent is entitled to a credit for money expended during an extended visitation period provided for in the decree is not an issue here.

against the noncustodial parent's past–due child support for payments made for the support of the children but not made to the custodial parent. *Martin v. Martin*, 59 Wn.2d 468, 473, 368 P.2d 170 (1962).[3]

■■ These two rules address separate and distinct situations. The granting of a credit against one's past–due child support does not constitute a retroactive modification. A modification reduces the noncustodial parent's burden. By contrast, a credit recognizes the full support obligation imposed by the decree, but acknowledges that all or part of that burden has been satisfied by the noncustodial parent's expenditures for the essential needs of the children paid to persons other than the custodial parent. While a credit may be allowed where special considerations of an equitable nature exist, a credit will not be allowed where the noncustodial parent's payments are purely voluntary in nature. *Martin v. Martin, supra; Mathews v. Mathews*, 1 Wn. App. 838, 466 P.2d 208 (1970).

Here, the trial court in its first memorandum opinion found that Dr. Schafer's payments were not voluntary; rather, he was "faced with a situation in which they [his sons] simply refused to go back with their mother and out of necessity he was forced to provide for their essential needs." On a motion for reconsideration, the court appears to have held, as a matter of law, that Dr. Schafer's payments were voluntary because he could have and should have sought modification at that time. We hold that the fact he did not seek such modification does not, in and of itself, make his payments voluntary.

The problems with which the court has been concerned in child support cases wherein it has used the word "voluntary" are best illustrated by the following quotations:

---

[3]In *French v. French*, 74 Wn.2d 708, 711–12, 446 P.2d 332 (1968), the court held "the binding effect of future child support payments extends to the children's custodian, 'only for the period during which the children's dependency upon their custodian continues.' *Ditmar v. Ditmar*, 48 Wn.2d 373, 375, 293 P.2d 759 (1956)."

> "It seems certain that the father cannot dictate how the expenditure of the sums awarded for the child's support shall be made, and that he cannot be credited for payments when he unnecessarily interposed and made himself a volunteer and the mother did not consent to such method of payment."

*Koon v. Koon, supra* at 580 n.4, quoting from *Steckler v. Steckler,* 293 S.W.2d 129, 134 (Mo. App. 1956).

> If, under such a decree as we have here before us, the father could refuse to make the payments required of him and, in an attempt to justify such refusal, show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil.

*Bradley v. Fowler,* 30 Wn.2d 609, 620, 192 P.2d 969, 2 A.L.R.2d 822 (1948).

In light of this opinion, we remand to the trial court for reconsideration and a determination whether there exist special considerations of an equitable nature which justify allowing Dr. Schafer a credit against accrued support installments.

▌ We suggest some factors which may assist the court in this decision, including, but not limited to (1) whether the *noncustodial parent* (a) intended the expenditures for care to be in satisfaction of child support; (b) exerted undue influence over the child to obtain or retain custody; (c) continued to retain custody as a form of retribution; and (2) whether the *custodial parent* (a) was willing and able to provide necessary care for the child; (b) expressly or impliedly consented to the noncustodial parent's continued custody of the child; (c) was relieved of any or all of the reasonable expenses of child support while the child was in the custody of the noncustodial parent. In addition, the court may consider the length of time the child was with the noncustodial parent and whether a compelling reason exists requiring the noncustodial parent not only to pay for the child's care while in that parent's custody but also to comply with the support order to make child support payments to the custodial parent.

The second issue is whether the trial court erred by reducing the amount of time Dr. Schafer could visit with his daughter. The appellant correctly points out that the trial court did not enter a finding of fact stating that this reduction was necessary to protect "the child's physical, mental, or emotional health", as required by RCW 26.09-.240. We believe the trial court's unchallenged findings, considered in light of the trial court's memorandum opinion, substantially complied with and satisfied the statutory requirement. As the matter has been remanded for reconsideration on the issue of the credit, the trial court may wish to enter a specific finding of fact stating that the reduction in visitation continues to be necessary to protect the child's physical, mental, or emotional health.

Reversed and remanded for further action in accordance with this opinion.

McINTURFF and ROE, JJ., concur.

Reconsideration denied February 29, 1980.

Review granted by Supreme Court April 24, 1980.