[No. 46935–1.   En Banc.   December 31, 1980.]

CAROLYN SCHAFER, *Petitioner,* v. DARRELL
SCHAFER, *Respondent.*

*Powell & Harnetiaux,* by *William J. Powell,* for petitioner.

*Patrick R. Acres,* for respondent.

HICKS, J.—This is a child custody and delinquent support case. Two children are involved, a boy and a girl. The mother was originally given custody of the children. She lives in Spokane, the father in Moses Lake.

The relevant facts are not disputed. The Schafers were divorced in 1969. Three children, two boys and a girl, had been born to them. At the time of the divorce, the ages of Jeffrey, Wade and Margaret were 7 years, 5 years, and 9 months. The mother was awarded custody of the children, the father was granted visitation privileges and ordered to pay child support of $175 per child per month.

By 1976, Jeffrey, the oldest child, was beyond his mother's ability to control. The boy wished to stay with his father in Moses Lake. At the end of the summer visitation period he did not return to his mother in Spokane, but remained with his father. At that time, the father ceased paying support for the boy. Jeffrey was killed in an accident in September 1977.

At the end of the summer visitation in 1977, Wade, the second son, also determined not to return to Spokane and remained with his father in Moses Lake. Again, the father reduced the support payment to the mother by $175.

On January 26, 1978, the father petitioned in the Spokane County Superior Court for a change of Wade's custody. The mother did not resist that request. She did seek a modification of the father's visitation rights with the

daughter plus increased support payments for her. The mother also sought all accrued back support payments, including those for the time Jeffrey was with his father.

Previously, when the children had visited the father every other weekend, they made the trip to Moses Lake by bus. Now that there would be no brother for her to travel with, the mother objected to the daughter making the bus trip alone.

The trial court granted a change in Wade's custody. It ordered the back support paid as sought by the mother. Modification was granted concerning visitation with the daughter. The father was allowed to visit her one weekend per month and she was to be picked up at home in Spokane and returned. A substantial increase in support for the daughter was ordered.

The father appealed. The Court of Appeals, Division Three, affirmed the change of custody and increase of support payments for the girl. It reversed and remanded for further consideration regarding the allowance of a credit to the father on the accrued back support payments. Additionally, the appellate court suggested that since the trial court had not done so, it "may wish to enter a specific finding of fact stating that the reduction in visitation continues to be necessary to protect the child's physical, mental, or emotional health." *Schafer v. Schafer,* 25 Wn. App. 353, 358, 606 P.2d 293 (1980).

We granted discretionary review and we affirm the Court of Appeals.

■■ The issue of primary concern is the matter of delinquent support payments. There are numerous cases of which *Koon v. Koon,* 50 Wn.2d 577, 313 P.2d 369 (1957) is typical, which state the rule to be that child support payments become vested judgments as the installments come due. The accumulated judgments may not be retrospectively modified by a court when acting upon a petition to modify a divorce decree.

In the dissolution act of 1973, RCW 26.09, the legislature enacted RCW 26.09.170 as follows:

[T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances.

Mrs. Schafer relies upon the quoted section as authority for the proposition that there may be no diminution of the accumulated unpaid support installments owing by her former husband. She contends that allowing credit upon the delinquent back support funds for the money the father expended for Jeffrey and Wade, after the boys declined to return to Spokane, would amount to retrospective modification of vested judgments and is contrary to law.

On the other side of that coin are two or three cases of which *Martin v. Martin,* 59 Wn.2d 468, 368 P.2d 170 (1962) is exemplificative. As stated by the court, *Martin* was

concerned with the circumstances under which a father may claim credit (on the payments required by a divorce decree to be made to the mother as support money for a minor child) for payments made by him directly to or on behalf of the child, instead of to the mother.

*Martin,* at 469.

The rule stated in *Martin* is that accrued support payments which have become judgments cannot, as a matter of law, have credited against them payments voluntarily made directly to the children. Special circumstances of an equitable nature, however, may justify a court crediting payments against the accrued support owing when that can be done without injustice to the one to whom the divorce decree directed the installments be paid. The *Martin* court noted at page 473, "The courts are justifiably reluctant to lay down any general rules as to when such credits may be allowed."

The Court of Appeals in remanding this case to the trial court for reconsideration felt more guidance was needed than *Martin* provided. In *Schafer* on page 357, the court suggested several factors for the trial court to consider in its second look at the matter of whether any credit should

be granted the father against the accrued support install-ments. The factors suggested are: (1) whether the noncus-todial parent (a) intended the expenditures for care to be in satisfaction of child support, (b) exerted undue influence over the child to obtain or retain custody, (c) continued to retain custody as a form of retribution; (2) whether the custodial parent (a) was willing and able to provide neces-sary care for the child, (b) expressly or impliedly consented to the noncustodial parent's continued custody of the child, (c) was relieved of any or all of the reasonable expenses of child support while the child was in the custody of the noncustodial parent; (3) the length of time the child was in the custody of the noncustodial parent; and (4) whether a compelling reason exists requiring the noncustodial parent not only to pay for the child's care while in that parent's custody, but also to comply with the support order to make child support payments to the custodial parent.

We perceive no objection to the trial court considering the factors suggested by the Court of Appeals in reviewing its original decision as long as it does so in the light of *Martin.* The special circumstance must be of an equitable nature. There must be no injustice to the one to whom the payments are due (in this instance, the mother). And, the burden of proof of establishing the equitable nature of the circumstances is upon the one who has the obligation to pay (here, the father). Further, we note this need not be an all or nothing proposition. Some credit may be equitable where giving credit for all expenditures may not.

The Court of Appeals affirmed the trial court's modifica-tion of the father's visitation privileges with the daughter and the increased support payments for her. Since the matter was being remanded for reconsideration of the issue of credit on accrued support, the appellate court suggested that the trial court might wish to make a finding that would comport with the requirement of RCW 26.09.240. This section reads in part:

> The court may modify an order granting or denying visitation rights whenever modification would serve the

best interests of the child but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical, mental, or emotional health.

In this court, Mrs. Schafer objected to the Court of Appeals suggestion that the trial court might wish to make such a finding as required by the statute in support of reducing the father's visitation with the daughter to one weekend per month. An argument was presented making a distinction between the "restriction" of the statute and the "reduction" of the trial court's modification order. Perhaps under some circumstances there may be such a distinction; we are unable to perceive it in this instance. In any event, as we read the opinion of the Court of Appeals, the suggestion was just that—a suggestion—not a mandatory requirement.

The Court of Appeals is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., concur.