[No. 49589-1.  En Banc.  January 12, 1984.]

DENE C. HARTMAN, *Respondent*, v. L. MIKE SMITH,
*Appellant.*

*Richard D. Eadie* (of *Eadie & Quirk*), for appellant.

*Richard B. Sanders,* for respondent.

UTTER, J.—Appellant, the father of a minor child, seeks reversal of a trial court order compelling him to pay his former wife $22,555.74 in past due child support. We find that principles of equitable estoppel apply to bar respondent's claim to the past due support.

In May 1973, appellant and respondent were divorced. Respondent mother was awarded custody of their only

child, Jayme. Appellant was ordered to pay $150 per month in child support, to maintain medical insurance for the child and to pay all medical and dental expenses not covered by his insurance. Both parties subsequently remarried.

Jayme's stepfather sought to adopt her. Appellant agreed to consent to the adoption, on condition that he retain reasonable visitation rights. The order of adoption, which included a guaranty of reasonable visitation, was entered on May 19, 1975. The parties understood that Jayme's adoption relieved appellant of any legal duty to provide for her support. Respondent informed appellant of this prior to his consent and for approximately 7 years following the adoption order did not request any money for Jayme's support.

After a series of disputes over visitation rights, appellant filed a complaint seeking vacation of the adoption decree, declaration of reasonable visitation and support and an order adjudging the mother and adoptive father in contempt for their violation of the adoption order. Respondent cross-complained for vacation of the visitation order. The trial court established a reasonable visitation schedule, but denied appellant's request to vacate the adoption. Respondent appealed to the Court of Appeals which reversed and vacated the original adoption order. The Court of Appeals reasoned that the "attempted reservation of visitation rights in a party conditionally consenting to adoption by another is inconsistent with the statutory scheme of adoption in this jurisdiction." *Smith v. Hartman,* 30 Wn. App. 1068 (1982). The court then concluded that the trial court had never possessed the requisite statutory power to issue the decree and held the adoption void *ab initio.* The Court of Appeals decision was never appealed. We are therefore bound to its decision for purposes of this case.

Upon receiving notice that the order of adoption had been vacated, appellant resumed making support payments. Shortly thereafter, respondent moved for entry of judgment for the past due child support and medical expenses which had accrued throughout the 7-year period of presumed adoption. The trial court granted respondent's

motion and ordered appellant to pay $12,150 plus statutory interest of $4,850 for delinquent child support and $4,212.50 plus statutory interest of $1,343.24 for delinquent health care expenses. Appellant appealed to the Court of Appeals which certified the case to this court pursuant to RCW 2.06.030.

Appellant contends that respondent should be equitably estopped from collecting the support and medical expense arrearages due to her initial request for adoption, her acquiescence in the original adoption decree and her failure to request any support money during the period of presumptive adoption. He further maintains that he has relied on her silence to his detriment.

Respondent claims that she is seeking the support arrearages as the child's representative. She argues that equitable estoppel is not a valid defense because she is not the real party in interest. Respondent does not claim that the child lacked adequate care during the period of presumptive adoption.

A custodial parent has no personal interest in the support funds collected and expended on behalf of his or her child, but rather acts as trustee for the child's benefit. *Ditmar v. Ditmar*, 48 Wn.2d 373, 293 P.2d 759 (1956). For this reason, we have held agreements between parents regarding modification of *prospective* support invalid as against public policy. *Ditmar*, at 374.

This same public policy analysis does not apply to agreements concerning *retrospective* payments. Any money paid to the custodial parent for past due support operates to reimburse the custodian for moneys actually expended. *Miller v. Miller*, 29 Or. App. 723, 565 P.2d 382 (1977). The cause of action lies with the custodial parent—not with the child. *Stapel v. Stapel*, 4 Kan. App. 2d 19, 601 P.2d 1176 (1979); *Miller v. Miller, supra; Baker v. Baker*, 22 Or. App. 285, 538 P.2d 1277 (1975). Retrospective support payments generally are not subject to modification because each installment vests when due. *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957); RCW 26.09.170. We have applied

equitable principles to mitigate the harshness of some claims for retrospective support when it did not work an injustice to the custodian or to the child. *See, e.g., Schafer v. Schafer,* 95 Wn.2d 78, 621 P.2d 721 (1980); *Martin v. Martin,* 59 Wn.2d 468, 368 P.2d 170 (1962). There is no reason why such principles should not operate here.

Child support is not meant to create an estate for the child but, rather, to assist in meeting the current expenses of child care. *Miller,* at 732 (Johnson, J., concurring). The child's interests are not at risk here. Jayme was well cared for by her mother and stepfather throughout the period of presumptive adoption and since the adoption has been receiving reasonable support from appellant. She is not entitled to more.

■ The right to reasonable reimbursement for moneys expended on behalf of the child lies with respondent. Equitable estoppel operates to bar respondent's claim in this case.

> The doctrine of equitable estoppel rests on the principle that where a person, by his acts or representations, causes another to change his position or to refrain from performing a necessary act to such person's detriment or prejudice, the person who performs such acts or makes such representations is precluded from asserting the conduct or forbearance of the other party to his own advantage.

*Dickson v. United States Fid. & Guar. Co.,* 77 Wn.2d 785, 788, 466 P.2d 515 (1970).

Respondent asked appellant to consent to the adoption. Throughout the period of presumptive adoption, she represented to appellant that he no longer had a duty to provide support. She did so by her silence and by direct representation at the time of consent.

Throughout this same period, appellant relied on these representations and on the terms of the adoption decree. He relinquished all parental rights save that of reasonable visitation. For a significant period he was denied even this most minimal of parental rights. Under these circum-

stances, we will not permit respondent to gain from appellant's loss.

Appellant requests attorney's fees under RCW 26.09.140. Because he has failed to demonstrate an inability to pay his attorney, his request is denied.

The judgment is reversed.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM and WIELAND, JJ. Pro Tem., concur.

Reconsideration denied March 28, 1984.