[No. 12991–1–I.   Division One.   December 20, 1985.]

*In the Matter of the Marriage of* COLLEEN W. WATKINS, *Appellant, and* DONALD W. WATKINS, *Respondent.*

*Marston, Hodgins, Shorett, Gillingham, Hardman & Jones* and *James Hardman,* for appellant.

*David Ordell,* for respondent.

RINGOLD, J.—Colleen W. Watkins appeals the trial court's order denying her application for adjudication of back child support due from her ex–husband, Donald Watkins. The Watkins' marriage was dissolved by a decree on July 30, 1976. Colleen was awarded custody of their child. Donald had visitation rights and an obligation to pay child support.

December 20, 1982, Colleen instituted contempt proceedings against Donald for failing to pay his support obligations since the decree. Both parties submitted the issue to the trial court by affidavits.

Donald and his mother stated that Colleen had interfered with Donald's visitation rights. Donald and Colleen went to family court to resolve their dispute. In her affidavit Colleen stated:

> At no time in my presence did any family court worker tell, or give the impression that, Donald would not have to pay child support. At some point in time during the visitation difficulties (when family court recommended suspension of visitation) I told Donald that I didn't care what he did. I never agreed that he didn't have to pay support and I never told him that I would not try to enforce his past support obligations.

According to Donald, Tom Roach, a family court caseworker, met him and Colleen and the three of them reached an agreement to end Donald's visitation rights and support obligation. It is not disputed that from March 1977, when this agreement allegedly was made, until December 1982,

Donald did not pay any child support.

Colleen remarried and left the state in September 1977 for approximately 2 years. From March 1977 until December 20, 1982, Donald did not receive any request for child support from Colleen. During the intervening years, there was no contact between them until early 1982 when Colleen attempted to contact Donald, but he did not return her messages.

Donald argued to the trial court that laches applied to the present case to bar Colleen from collecting past due child support. The trial court did not find Donald in contempt, but it ordered that child support recommence beginning December 21, 1982, the day following the filing of the contempt proceedings. The trial court also denied, with prejudice, Colleen's application for adjudication of back child support. This last determination presents the only issue before us.

Colleen contends that there is a 10–year statute of limitations on child support judgments and that laches cannot excuse the payments due. Donald responds that the Supreme Court approved the use of equitable defenses to past due child support claims in *Hartman v. Smith*, 100 Wn.2d 766, 674 P.2d 176 (1984), and the trial court acted properly by applying laches.

Civil contempt proceedings are an appropriate method to seek enforcement of past due child support obligations. *Bradley v. Fowler*, 30 Wn.2d 609, 192 P.2d 969, 2 A.L.R.2d 822 (1948). In such a proceeding the trial court is not limited to a determination of the question of contempt, but is authorized to consider and determine to what extent the parties should perform the duties imposed upon them by the decree of dissolution. *Bradley*, at 621. After a hearing, the trial court may enter such an order as the court, in the exercise of its discretion, deems appropriate. *Corson v. Corson*, 46 Wn.2d 611, 614, 283 P.2d 673 (1955).

"A child's custodian receives support money as a trustee and not in his or her own right." *Fuqua v. Fuqua*, 88 Wn.2d 100, 105, 558 P.2d 801 (1977). For this reason

agreements between parents regarding modification of prospective child support are invalid as against public policy. *Hartman v. Smith, supra* at 768. Thus, the disputed agreement between Donald and Colleen, if made, could have no effect on subsequent child support obligations.

██ "[C]hild support payments become vested judgments as the installments come due. The accumulated judgments may not be retrospectively modified by a court when acting upon a petition to modify a divorce decree." *Schafer v. Schafer*, 95 Wn.2d 78, 80, 621 P.2d 721 (1980). The appropriate statute of limitations for such judgments is 10 years. RCW 6.04.010; *Kruger v. Kruger*, 37 Wn. App. 329, 332, 679 P.2d 961 (1984).

The Supreme Court, however, has applied "equitable principles to mitigate the harshness of some claims for retrospective support when it did not work an injustice to the custodian or to the child." *Hartman,* at 769. "Any money paid to the custodial parent for past due support operates to reimburse the custodian for moneys actually expended." *Hartman,* at 768. The cause of action, therefore, lies with the custodial parent and not with the child. *Hartman,* at 768. The principles of equitable estoppel may, in appropriate cases, be applied to the custodial parent without harm to the child. *See Hartman.*

██ "Laches is an equitable defense based on estoppel . . ." *State ex rel. Randall v. Snohomish Cy.,* 79 Wn.2d 619, 621, 488 P.2d 511 (1971). To establish laches, the defendant has the burden of proving that: (1) the plaintiff had knowledge of the facts constituting a cause of action or a reasonable opportunity to discover such facts; (2) there was an unreasonable delay in commencing the action; and (3) there is damage to the defendant resulting from the delay. *Buell v. Bremerton,* 80 Wn.2d 518, 522, 495 P.2d 1358 (1972). We conclude that laches is applicable to claims for past–due child support, and then consider whether the trial court properly granted the relief Donald requested.

"The heart of equity may be said to be the exercise of a wise and just discretion in the granting or withholding of

equitable relief." R. Aldisert, *The Judicial Process* 754 (1976) (quoting Edward, *Equity and Equitable Remedies* 222 (5th ed. 1975)).

Colleen was aware that Donald had ceased making support payments, and yet she waited 5½ years before bringing suit. Colleen remarried and left the state. Regardless of whether an agreement was reached between them, it is uncontroverted that Donald detrimentally relied on Colleen's delay in bringing suit. The evidence reflects that he did not seek visitation rights during the 5½–year period, and he incurred financial obligations he would otherwise have forsaken had he anticipated paying child support due for those 5½ years. The trial court, therefore, based its determination to apply laches upon tenable grounds and reasons and did not abuse its discretion. *See State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971).

Affirmed.

COLEMAN and GROSSE, JJ., concur.

Review denied by Supreme Court February 21, 1986.