[No. 9659–9–III.   Division Three.   June 7, 1990.]

*In the Matter of the Marriage of* STEVEN L. JARVIS, *Respondent, and* KATHARINE D. JARVIS, *Appellant.*

*John B. Hancock* and *Taft, Mackin, Henault & Hancock, P.S.,* for appellant.

*Charles P. Schuerman* and *McGrane & Schuerman,* for respondent.

GREEN, A.C.J.—Katharine Jarvis appeals the court's modification of child support provisions in a dissolution decree. She contends the modification was not supported by a substantial change in circumstances. We agree and reverse.

On October 17, 1983, a decree dissolving the 15–year marriage of Katharine and Steven Jarvis was entered in Stevens County. Mrs. Jarvis was awarded custody of the parties' two children, Julie and Trudy. The decree contained the following child support provision:

> The Petitioner, STEVEN L. JARVIS, is hereby directed to pay to Respondent, KATHARINE D. JARVIS, for the care, support and maintenance of the minor children of the parties the sum of $500.00 per month, being the sum of $250.00 per month per child so long as each such child is under the age of majority, or is sooner married or otherwise emancipated; provided, however, that support shall continue for either child who is enrolled as a full time student in high school, college, university or vocational school, provided, further, however, that in no event shall support continue past said child's 22nd birthday. . . . Petitioner shall pay such child support payments through the registry of the Clerk of the Stevens County Superior Court, each said monthly obligation shall be paid in

two equal semi–monthly payments on the 5th and 20th day of *each and every month.*

(Italics ours.)

On October 8, 1985, the decree was modified to increase the support for Julie to $450 per month.[1] She was 18 years old in January 1987 and that fall enrolled in Spokane Falls Community College. On April 11, 1988, Mr. Jarvis moved for clarification or modification of the decree to require Mrs. Jarvis to provide transcripts of Julie's grades and proof that she was a full–time student. On July 7 the court ordered Mrs. Jarvis to provide Mr. Jarvis with transcripts of Julie's grades at the end of each quarter and documentation of her continued enrollment as a full–time student *as determined by the institution where she is enrolled.*

On September 19, 1988, Mr. Jarvis filed a second motion to clarify the decree. Specifically, he inquired whether support payments were required when Julie was on summer vacation. He also sought an offset of 3 months' support because Julie completed only three credit hours during the spring quarter 1988. Meanwhile, the registrar of Spokane Falls Community College verified in two letters that it considered Julie a full–time student during that time. Following a hearing, the court entered these findings:

1. The Court has jurisdiction to hear this matter. *This is a clarification and not a modification of the original decree.*

2. Julie A. Jarvis, the dependent for whom educational support is sought, completed only three credits during spring quarter at Spokane Falls Community College and was not therefore a full time student during the spring, 1988 quarter. Petitioner Steve Jarvis paid educational support of $450.00 per month for each of the months of March, April and May, 1988. Further, Julie A. Jarvis did not attend summer quarter.

(Italics ours.) The court ordered:

1. To receive the educational support payments each month, Julie A. Jarvis *must not only enroll, but must continue to take and to successfully complete* at least the minimum number of class hours required by the educational institution for a "full time" student.

---

[1]Trudy was emancipated by this time.

2. While Julie Jarvis registered and enrolled for full student status during spring quarter, 1988, she did not complete her quarter successfully and was not therefore a "full time" student. Julie A. Jarvis was not entitled to educational support payments during the spring quarter, 1988. Petitioner Steve Jarvis is entitled to an off–set for [the] support payments for the spring quarter not completed and yet paid for. . . . To accomplish this . . ., the payments made for March, April and May, 1988 shall be off–set by Petitioner Steve Jarvis not having to make support payments during the months of September, October and November, 1988, when Julie is enrolled as a full–time student. Beginning December, 1988, Petitioner Steve Jarvis shall again continue to make $450.00 per month educational support payments . . . provided that Julie A. Jarvis has sent an affidavit to the Court with a copy to Petitioner Steve Jarvis indicating that she has successfully enrolled and anticipates to successfully complete her quarter as a full–time student in the fall of 1988. . . .

3. Julie A. Jarvis did not attend school during summer, 1988 and was not entitled to any educational support monies for summer, 1988.

4. Each party shall bear their own attorney's fees for this hearing.

5. *Except as herein modified,* the remainder of the Decree of Dissolution remains in full force and effect.

(Italics ours.) This appeal follows.

Mrs. Jarvis contends the court in its order modified the decree and that these modifications are not supported by a substantial change in circumstances. RCW 26.09.170. Mr. Jarvis, on the other hand, contends the court merely clarified the decree to give effect to the parties' intentions.

■ A decree is modified when a party's rights are either extended beyond or reduced from those originally intended in the decree. *Rivard v. Rivard,* 75 Wn.2d 415, 418, 451 P.2d 677 (1969). A clarification "is merely a definition of the rights which have already been given and those rights may be completely spelled out if necessary." *Rivard,* at 418. Construction of a decree presents a question of law to be determined from examining the document itself to determine its intended effect. *In re Marriage of Gimlett,* 95 Wn.2d 699, 704–05, 629 P.2d 450 (1981).

Here, the decree as modified on October 8, 1985, increased the support payment to $450 "each and every

month" while Julie was a full–time student and under 22 years of age. On July 7, 1988, the decree was clarified by stating that whether Julie was a full–time student was to be determined by the institution where she was enrolled. When the school registrar verified she was a full–time student during the spring and fall quarters of 1988, the clarification required the court to accept that determination. When it failed to do so and instead made its own determination, the court modified the clarified decree. Likewise, the court's abatement of support during the summer months when the decree required support each and every month was a modification rather than a clarification.

First, Mrs. Jarvis contends the court erred in modifying the decree because the record does not establish a substantial change in circumstances. Therefore, she asserts, the court erred in determining Julie was not a full–time student during spring quarter 1988 because she completed only three credit hours and in awarding Mr. Jarvis an offset of 3 months' support payments. We agree.

██ The modification of a decree must be supported by a substantial change in circumstances not contemplated when the decree was entered. RCW 26.09.170; *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978); *In re Marriage of Belsby,* 51 Wn. App. 711, 713, 754 P.2d 1269 (1988). Whether a substantial change in circumstances has occurred is a factual question within the court's discretion after consideration of the circumstances of both parties. *In re Marriage of Chapman,* 34 Wn. App. 216, 220, 660 P.2d 326 (1983); *Belsby,* at 713. Since the court's findings are not based on oral testimony, our review of the record is de novo. *In re Marriage of Hunter,* 52 Wn. App. 265, 268, 758 P.2d 1019 (1988), *review denied,* 112 Wn.2d 1006 (1989).

The record indicates Julie attended classes full time in the spring of 1988, but toward the end of the quarter encountered academic and personal problems and decided to enroll in another vocation offered by the school. In these circumstances, the registrar verified she was a full–time student. This complied with the July 7, 1988, clarification

order and there being no substantial change in circumstances, the court erred in concluding Julie was not a full-time student during spring quarter 1988. The court's conclusion Julie was required to "successfully complete" a full-time course load to retain payments was an unwarranted, retroactive modification of the decree under RCW 26.09-.170. It was also error to conclude Julie was not entitled to support during those months.[2]

Second, Mrs. Jarvis contends the court also erred by not requiring Mr. Jarvis to pay child support during the summer months while Julie was not attending school. We agree. The decree requires him to make support payments, *each and every month*. There is no provision for abatement during summer months. In the absence of a substantial change in circumstances, a modification of the decree is not justified. On the record before us, Julie remained dependent during the summer months and there is no finding to the contrary. She was a full-time student, even though on summer break. In these circumstances, the court erred in modifying the decree to eliminate the support payments during the summer months.

Finally, Mrs. Jarvis contends the court erred in requiring the parties to bear their own attorney fees for the trial court proceedings. She also requests attorney fees on appeal. In light of our decision, we remand the question of attorney fees both at trial and on appeal to the trial court to be considered in light of the parties' needs and abilities

---

[2]Additionally, past support payments generally are not subject to modification because each installment vests when due. *Schafer v. Schafer*, 95 Wn.2d 78, 621 P.2d 721 (1980); *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957). When, as here, the court's action is a retroactive modification of the support obligation, it may be sustained only if the circumstances give rise to an equitable credit to the obligor spouse. *Schafer*, at 81–82. To gain an equitable credit, the obligated spouse must establish special circumstances, *Schafer*, at 82, and the court must find such a credit will not work an injustice to the child. *Hartman v. Smith*, 100 Wn.2d 766, 768–69, 674 P.2d 176 (1984). Here, there is no such finding and the record shows it would result in financial hardship to Julie. She was not eligible for student loans because of her father's income and was required to borrow funds elsewhere to remain in school.

to pay. RCW 26.09.140; *In re Marriage of Belsby, supra* at 719; *In re Marriage of Young,* 44 Wn. App. 533, 538, 723 P.2d 12 (1986).

Reversed and remanded.

THOMPSON and SHIELDS, JJ., concur.