[No. 44175-2-I.   Division One.   April 10, 2000.]

*In the Matter of the Marriage of* MELODY R. BARONE, *Appellant*, and EDWIN S. WHITNEY, *Respondent*.

*David Anthony Kastle*, for appellant.

*Mark Theodore Patterson* of *Patterson Erme*, for respondent.

KENNEDY, J. — Melody Barone contends that equitable relief from a past-due child support obligation should be granted to an obligor-parent when there is (1) a domestic violence order of protection which requires the child to reside with the obligor-parent and prohibits contact between the child and the obligee-parent, and (2) all of the child's financial needs are met by the obligor-parent during the period of time for which the past-due child support is sought. But a person seeking a grant of equitable relief from past-due child support must show that enforcement would create a severe hardship on the obligor-parent and that the facts support traditional equitable remedies. Ms. Barone does not carry her burden of satisfying this test. Instead, she asks us to fashion a new equitable remedy on public policy grounds. But it would be contrary to public policy to allow protection orders to function as de facto modifications of permanent parenting plans and child sup-

port decrees. Accordingly, we affirm the trial court's order denying Barone's request for equitable relief.

## FACTS

Edwin Whitney and Melody Barone were divorced in 1990. Under their Decree of Dissolution of Marriage, Mr. Whitney became the primary residential parent of their daughter, and Melody Barone became obligated to pay monthly child-support to Mr. Whitney. In September 1993, while the parties' child was in Ms. Barone's care, Ms. Barone obtained a one-year order of protection which directed that the child remain in the care of Ms. Barone and that Mr. Whitney be restrained from having contact with the child. Ms. Barone subsequently ceased paying child support to Mr. Whitney. In late December 1993, Ms. Barone filed a petition for modification of the parties' 1990 parenting plan and child support order.

In February 1994, following a trial, a judge of the Snohomish County Superior Court modified the decree, ordering the child to remain in the care of Ms. Barone, and terminating Ms. Barone's child support obligation effective January 1, 1994. The court also imposed a child support obligation on Mr. Whitney.

Four years later, in March of 1998, the Washington State Department of Child Support sent a notice to Ms. Barone, which stated that she owed $1,425 in past due child support under the 1990 Decree of Dissolution of Marriage, for the months of September, October, November and December of 1993—the period of time that the child resided with Ms. Barone pursuant to the order of protection, and before Ms. Barone filed her petition to modify the parenting plan and child support orders.

Ms. Barone subsequently petitioned a conference board convened by the Division of Child Support to consider her request for equitable relief from the child support debt that she accrued between August and December of 1993. On September 23, 1998, the conference board dismissed Ms.

Barone's request for relief and recommended that she seek relief in superior court, stating that the conference board was not "well positioned" to resolve the issue raised by Ms. Barone.

On November 10, 1998, a Snohomish County Superior Court commissioner granted Ms. Barone equitable relief from the child support obligation for the period of September 1, 1993 through December 31, 1993. A Superior Court judge heard Mr. Whitney's subsequent motion to revise the commissioner's order. Ms. Barone submitted a sworn declaration to the Superior Court in which she stated that she did not pay child support to Mr. Whitney in September, October, November, or December of 1993 because she alone provided for all of the child's financial needs throughout those months.

On January 29, 1999, the court reversed the commissioner's order, concluding that Ms. Barone did not show sufficient grounds for an award of equitable credit. On appeal, Ms. Barone requests us to reverse the Superior Court's order and reinstate the commissioner's order.

## DISCUSSION

Ms. Barone contends that she should be granted retrospective equitable relief from the child support obligation imposed upon her by the 1990 Decree of Dissolution of Marriage for a four-month period of time in 1993 during which her child resided with her under a domestic violence order of protection that required the child to reside with her and forbade the child's father from having contact with the child, and during which time Ms. Barone provided for all the child's financial needs.

■ Delinquent support payments become vested judgments as they fall due, and generally, they may not be retrospectively modified. RCW 26.09.170; *In re Marriage of Jarvis*, 58 Wn. App. 342, 792 P.2d 1259 (1990); *Hartman v. Smith*, 100 Wn.2d 766, 768, 674 P.2d 176 (1984); *Schafer v. Schafer*, 95 Wn.2d 78, 80, 621 P.2d 721 (1980); *In re Mar-*

*riage of Watkins*, 42 Wn. App. 371, 374, 710 P.2d 819 (1985); *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957). Nonetheless, equitable principles may be applied to mitigate the harshness of some claims for past due child support when their application does not work an injustice to the custodial parent or to the child. *Hartman*, 100 Wn.2d at 768-69 (equitable estoppel); *see also Schafer*, 95 Wn.2d at 81-82 (equitable credit); *Watkins*, 42 Wn. App. at 374 (laches).

Ms. Barone argues that the facts of her case present the type of injustice that has compelled other courts to exercise their powers to grant equitable relief from an otherwise enforceable judgment. Ms. Barone specifically relies upon *Schafer*, in which the court allowed an equitable credit to the father for payments he made directly to the children after the mother sent the children to live with their father. *Schafer*, 95 Wn.2d at 81-82. In *Schafer*, it appears that the court was able to discern a traditional estoppel situation from the fact that the mother acted in a manner inconsistent with her later claim to back child support. Ms. Barone contends that she is similarly entitled to equitable relief because she provided for all of her child's financial needs during the period for which Mr. Whitney asserts his claim for child support.

■ In the more recent case of *In re Marriage of Shoemaker*, 128 Wn.2d 116, 904 P.2d 1150 (1995), the court clarified the standard for granting retrospective equitable relief. There, the court held that although courts have equitable powers to make retrospective modifications when required to reach a just result, those powers "can only be exercised within the 'framework of established equitable principles.' " *Id.*, at 122-23 (quoting *In re Marriage of Hunter*, 52 Wn. App. 265, 269, 758 P.2d 1019 (1988)). The court in *Shoemaker* did cite *Schafer* with approval, yet it stated that in *Schafer*, the court "did no more than recognize the use of a traditional equitable defense in the context of child support." *Id.*, at 123.

Furthermore, the Court of Appeals, Division Three, has recently held that,

> [i]n light of the Legislature's finding that "there is an urgent need for vigorous enforcement of child support," RCW 26.18.010, equitable relief from past-due support obligations should be limited to those cases where enforcement would create a severe hardship on the obligor-parent and where the facts support traditional equitable remedies.

*In re Marriage of Capetillo*, 85 Wn. App. 311, 319, 932 P.2d 691 (1997).

Ms. Barone has not asserted—and the record does not support—a claim that enforcement would create a severe hardship on her. Moreover, Ms. Barone does not show how the facts of her case could support a traditional equitable doctrine such as estoppel or laches.

Instead, Ms. Barone's claim is essentially premised upon a public policy argument. She contends that it is fundamentally unfair and inequitable to require her to pay child support to the child's father after she had obtained an order of protection which prohibited him from contact with the child, and for a period in which she provided for all of the child's financial needs. Ms. Barone further contends that unless a parent in these circumstances may be granted equitable relief, "all persons who obtain Orders of Protection are at peril of having a prior child support order enforced against them by a parent who neither has the custodial care of the child nor any obligation to financially support that child while in the care of the other parent." Br. of Appellant at 4.

■ Ms. Barone is correct to the extent that enforcing her child support debt under these circumstances has the appearance of injustice. A parent who is assigned primary residential care of a child by an order of protection may reasonably believe that she need not send child support to the parent against whom the order of protection is entered. However, the law is contrary to that impression; and unless the Legislature expressly gives courts the authority to grant equitable relief to persons in this situation, we cannot properly do so.

Child support modifications in Washington State can be

obtained only pursuant to chapter 26.09 RCW and chapter 26.10 RCW. And there is no evidence that the Legislature intended to allow protection orders to function as de facto modifications of permanent parenting plans and child support decrees. Furthermore, Ms. Barone is mistaken in her assertion that this court must rule in her favor in order to prevent injustice for parents in this situation. Had Ms. Barone filed a petition to modify the prior decree immediately after she obtained the protection order, this situation would likely have been avoided, because an order on modification can relate back to the date that the petition for modification was filed, and the judge who modified the 1990 decree did exactly that.

Finally, it would be contrary to public policy for this court to rule that protection orders may function as de facto modifications of permanent parenting plans and child support decrees. In chapter 26.50 RCW, Domestic Violence Prevention Act, the Legislature specifically informs us that "domestic violence is a problem of immense proportions," and that the "protection order process can be a valuable tool to increase safety[.]" LAWS OF 1993, ch. 350, § 1; RCW 26.50.035 Findings. However, recognizing that the protection order process had some practical problems, the Legislature stated, "[r]efinements are needed so that victims have . . . easy, quick, and effective access to the court system[.]" Clearly, the Legislature intended chapter 26.50 RCW to provide a process by which victims of domestic violence may obtain orders of protection more efficiently and easily than court orders are generally obtained.

Conversely, it is relatively difficult to obtain orders that modify final parenting plans and child support decrees. *See* RCW 26.09.260. For example, "[c]ustodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification." *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). Also, in proceedings for the modification of child support under RCW 26.09.170 (with exceptions not here applicable) the moving party bears the

burden of showing a "substantial . . . change in circumstances" since the entry of the dissolution decree. *Lambert v. Lambert*, 66 Wn.2d 503, 508, 403 P.2d 664 (1965) (citing *Corson v. Corson*, 46 Wn.2d 611, 283 P.2d 673 (1955)). A "change in circumstances" must reflect both the needs of the children and the ability of the obligee parent to pay support. *Lambert*, 66 Wn.2d at 508. These are legitimate barriers to altering permanent parenting plans and child support decrees, and it would be contrary to the Legislature's intent for this court to create a mechanism by which individuals may evade these barriers. Ms. Barone's public policy arguments are better addressed to the Legislature, than to the courts.

Accordingly, we affirm the order denying equitable relief.

WEBSTER and APPELWICK, JJ., concur.