**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tracy Lynn CLARK, Defendant—
Appellant.**

**No. 01–30286.
D.C. No. CR–00–00215–TSZ.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2002 *.

Decided May 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

This case arises from Tracy Clark's conviction for willful failure "to pay a support obligation with respect to a child who resides in another State...." 18 U.S.C. § 228(a)(1).

Clark's single claim on appeal is that there was insufficient evidence to support the conclusion that his failure to pay child support in February 2000 was willful. We

addressed this same issue in *United States v. Ballek:*

> A non-custodial parent who does not have the funds to satisfy the child support award, and who does not obtain a reduction or remission of the award because of inability to pay, will almost certainly be engaged in willful defiance of the state court's child support order.

170 F.3d 871, 873 (9th Cir.1999).

Here, Clark made no effort to modify the child support order until after he was arrested. Clark did make a $300 child support payment on February 19, 2000. This gesture, however, was far less than the payment he was obliged to make under the Washington state court's child support order. *See United States v. Mattice,* 186 F.3d 219, 227 (2d Cir.1999) (concluding that Congress intended to make partial failures to pay actionable). Clark's putative agreement with his former spouse to pay less than the ordered amount could not, as a matter of law, have superseded the court order. *Hartman v. Smith,* 100 Wash.2d 766, 674 P.2d 176, 178 (1984) ("[W]e have held agreements between parents regarding modification of prospective support invalid as against public policy."). As the district court noted, Clark's negotiation of the debt evinces his willfulness. There is also evidence indicating that Clark told his former spouse that he would discontinue paying child support. Thereafter, Clark left Washington State, took an assumed name, and never revealed his whereabouts to his former spouse. Under *Ballek,* these facts were adequate to support Tracy's conviction.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.