[No. 45618-1-I.   Division One.   January 29, 2001.]

*In the Matter of the Marriage of* PAULA L. ABERCROMBIE, *Respondent*, and DAVID M. ABERCROMBIE, *Appellant*.

*David M. Abercrombie*, pro se.

*Christopher K. Shank* (of *Williams, Kastner & Gibbs, P.L.L.C.*), for respondent.

PER CURIAM — Characterizing a provision for child support adjustments in a dissolution decree as "self-executing," David Abercrombie seeks a retroactive calculation of his support obligation over the past 10 years. Such a retroactive adjustment is prohibited by statute. We affirm.

## FACTS

David M. Abercrombie and Paula L. Congleton[1] agreed to a decree of dissolution in 1989, which provided that Abercrombie would pay $1,000 per month for support of the parties' two children. Because the parties' circumstances were unsettled, the decree contained the following provisions under paragraph 5:

D.  Annual Increase:

Father's monthly support obligation provided herein shall be adjusted annually beginning January 1, 1991, and each successive year on January 1, by an amount determined under the Washington State Support Schedule, as now or hereafter amended, utilizing both parents' earned income from all sources, or by $50 per month, per child, whichever is greater. This annual increase is based upon the anticipated increasing needs of the children and the ability of Father to pay.

. . . .

---

[1] Congleton was formerly known as Paula Abercrombie.

P.  Modification of Child Support:

. . . .

> Accordingly, they agree that either party may seek to modify the child support at anytime on or after January 1, 1990, without being required to show any change in circumstances was uncontemplated, and each specifically waive that defense to a modification proceeding commenced after January 1, 1990.

Clerk's Papers at 198, 201.

Abercrombie did not make regular payments, and a considerable arrearage accrued. Abercrombie never sought modification of his obligation, but in 1997, Congleton agreed to amend the decree to reduce the monthly transfer payment to $625. She further agreed that, "So long as the Respondent remains current in his support obligation, the Petitioner/mother agrees she will take no action to enforce collection of the substantial child support arrearage accrued to date, said forbearance on collection to continue until final resolution of the first of the following listed currently pending lawsuits." Clerk's Papers at 206.

In 1999, the referenced lawsuits were resolved. Congleton filed a motion seeking clarification of the decree, specifically whether the automatic $50 increase provision was enforceable. The court commissioner held it was not: "Paragraph 5D of the Decree providing for annual increases is not enforceable." Clerk's Papers at 72. Neither party appealed the ruling.

Thereafter, Congleton filed a motion to reduce the accumulated child support arrearage to judgment, calculating the arrearage from the basic support amounts set forth in the decree and amended decree. Abercrombie responded by arguing that the decree's annual increase paragraph providing for annual adjustments was self-executing, and that the parties should exchange financial information for all the years since the original decree so that his obligation could be recalculated.

The commissioner refused to order the discovery, refused

to recalculate retroactively, entered judgment on the arrearage (including simple interest) in the amount of $126,791.54, and awarded attorney fees. The superior court judge denied revision. Abercrombie appeals.

## DISCUSSION

■ We review an award of child support for abuse of discretion and will overturn such award only when the appealing party demonstrates that the trial court's decision is manifestly unreasonable, based on untenable grounds, or granted for untenable reasons. *In re Marriage of Peterson*, 80 Wn. App. 148, 152, 906 P.2d 1009 (1995).

Abercrombie alleges that the issue here is "purely a question of calculation of support due under the method of calculation required by the decree," which he contends requires annual adjustments based on the child support schedule. Br. of Appellant at 13. In support, Abercrombie relies on inapposite case law. *See, e.g., In re Marriage of Briscoe*, 134 Wn.2d 344, 949 P.2d 1388 (1998) (recalculation based on parent's legal right to offset social security disability payments against child support obligations); *In re Marriage of McDaniel*, 87 Wn. App. 827, 947 P.2d 1225 (1997) (court must consider the minimum need standard adopted in RCW 26.19.065(2) when setting child support).

The crux of Abercrombie's argument is that the provision for an annual adjustment is "mandatory" and "self-executing." Br. of Appellant at 15. Abercrombie relies entirely upon the word "shall" in paragraph 5(D) of the original decree: "Father's monthly support obligation provided herein shall be adjusted annually . . . by an amount determined under the Washington State Support Schedule . . . or by $50 per month, per child, whichever is greater." Clerk's Papers at 198.

■ ■ As Congleton points out, the "Annual Increase" paragraph's provision for a minimum increase was declared unenforceable, and no party appealed that order. In any

event, the annual adjustment provision is not rendered self-executing by the word "shall." A child support obligation does not change without court action, except where a decree provides specifically for an automatic periodic adjustment. *See* RCW 26.09.100(2), .170(1), (4)(d). The Abercrombie decree does not provide for an automatic periodic adjustment, and Abercrombie does not rely upon RCW 26.09.100(2).[2]

The court action necessary to change child support is an order following motion (for adjustment) or a petition (for modification). RCW 26.09.170(8)(a), .175(1). Except where a motion is filed to compel an adjustment previously ordered by the court, any increase or decrease applies only to installments accruing after a petition or motion is filed. RCW 26.09.170(1). Each unpaid installment of child support becomes a separate judgment and bears interest from its due date. *Kruger v. Kruger*, 37 Wn. App. 329, 332, 679 P.2d 961 (1984). Despite Abercrombie's presumed awareness of his statutory right to seek adjustment or modification, and despite the decree provision expressly authorizing modification without a showing of changed circumstances, Abercrombie sought neither. Indeed, he has not done so yet. He cannot now seek to erase 10 years of accrued judgments.

Finally, Abercrombie complains that the attorney fee award was not authorized by RCW 26.18.160[3] because Congleton did not file an action to enforce a support order. But the motion which resulted in the judgment appealed from was exactly that: a motion for entry of judgment for

---

[2] The Abercrombie decree was entered in 1989; the legislature did not provide for automatic periodic adjustments until 1991. *See* Laws of 1991, Sp. Sess., ch. 28, § 1(2).

[3] RCW 26.18.160 provides:

In any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees. An obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith in connection with the proceeding in question.

past due child support. Attorney fees were properly awarded, and we award fees on appeal as well. RAP 18.1.

Affirmed.

Reconsideration denied March 15, 2001.

Review denied at 144 Wn.2d 1019 (2001).