138 P.3d 1129 (2006)
In re the MARRIAGE OF Lyle C. KAHLE, Respondent/Cross-Appellant, and
Randolph S. Kahle, Appellant/Cross-Respondent.
No. 56102-2-I.
Court of Appeals of Washington, Division 1.
July 24, 2006.
*1130 Stephen Cummings Kelly, Attorney at Law, Bellingham, WA, for Appellant/Cross-Respondent.
Delney North Hilen, Attorney at Law, Seattle, WA, for Respondent/Cross-Appellant.
COX, J.
¶ 1 At issue is whether an "automatic periodic adjustment" of child support ordered in a decree is self-executing  enforceable without further court order.[1] We hold that such a provision is only enforceable by court order. Accordingly, we affirm the judgment for unpaid child support and medical expenses based on the original decree and remand for further proceedings.
¶ 2 The marriage of Randolph Kyle and Lyle Kahle was dissolved by decree in 1992. The terms of the decree include a provision for support of the couple's two minor children and payment of health care costs, including medical insurance. The transfer payment from Randolph to Lyle is $814 per month.[2] The decree also provides for annual adjustments to the support amount and contributions to day care and extraordinary medical expenses, beginning in June 1993. The decree specifies the basis and procedures upon which adjustments are to be made.
¶ 3 Because Randolph had not finalized his tax returns for 1993 and 1994, the parties made no annual adjustments until 1995, when they exchanged tax returns for the preceding two years. Based on their respective returns, Randolph concluded that he had overpaid child support for 1994 and 1995. Based on his conclusion, he unilaterally reduced his support payments from $814 per month to $300 per month. Moreover, he offset his claimed overpayments in support against his obligation for medical expenses he appears to acknowledge were outstanding.
¶ 4 Lyle did not agree to the adjustment. Randolph did not seek court approval of the adjustment.
¶ 5 In January 2005, prior to the expiration of the applicable statute of limitations, Lyle moved for entry of judgment against Randolph for the arrearages.[3] A court commissioner granted the motion and awarded her attorney fees, entering judgment in Lyle's favor. A superior court judge denied Randolph's motion to revise.
¶ 6 Randolph appeals. Lyle cross-appeals what appears to be a scrivener's error in the amount of attorney fees awarded below.

PERIODIC CHILD SUPPORT ADJUSTMENTS
¶ 7 Randolph argues that the trial court erred as a matter of law when it entered judgment against him. Specifically, he maintains that the court ignored the plain language of RCW 26.09.100(2) when it held that a court order is required to implement the provisions of a decree that provides for periodic adjustment of child support. We disagree.
¶ 8 When construing a statute, "our primary goal is to give effect to the legislature's intent, [and] we derive such intent by construing the language as a whole, giving effect to every provision."[4] If a statute is unambiguous this Court is required to apply the statute as written and "`assume[] that the legislature means exactly what it says.'"[5] We derive a statute's plain meaning not only from the statute at hand, but also "all that the Legislature has said in the ... related *1131 statutes which disclose legislative intent about the provision in question."[6] Moreover, when "statutes relate to the same thing or class, they are in pari materia and must be harmonized if possible."[7]
Application of a statute to undisputed facts is a question of law that we review de novo.[8]
¶ 9 The provisions of the decree that are at issue here state:
...
3.3 D. TRANSFER PAYMENT ... The obligor parent shall pay $814 per month.
...
3.3 M. PERIODIC MODIFICATION. Husband will promptly reimburse Wife for his portion of costs incurred, after verification of monthly expenses.
Child support shall be adjusted as follows:
The base child support and contribution to day care and extraordinary medical expenses will be adjusted annually on June 1st beginning in 1993. The amount of child support shall be based on each parties' [sic] net income including employment, interest, dividends and rents but not including capital gains, sale of stock or exercise of stock options for the previous year, and shall be determined by the child support schedule then in effect in King County. For this purpose, each party shall submit tax returns and W-2 forms for the prior year by May 1st of each year.
...
3.3 O. MEDICAL INSURANCE.
Wife shall continue to provide dental and medical insurance for the children while they are dependent, to the extent it is available at no cost through her employer. If this becomes no longer available, the parties will make sure that insurance is provided for the children and share the costs of such insurance, 36% by the Wife and 64% by the Husband.
¶ 10 Randolph argues that these provisions of the decree "automatically" adjust the amount of his obligations for child support and other expenses without further court action. He maintains this position despite the fact that neither Lyle, the other party with a support obligation, nor the court agreed to any modification to his obligations under the terms of the original decree. He is mistaken.
¶ 11 RCW 26.09.100(2) provides:
The court may require automatic periodic adjustments or modifications of child support. That portion of any decree that requires periodic adjustments or modifications of child support shall use the provisions in chapter 26.19 RCW as the basis for the adjustment or modification. Provisions in the decree for periodic adjustment or modification shall not conflict with RCW 26.09.170 except that the decree may require periodic adjustments or modifications of support more frequently than the time periods established pursuant to RCW 26.09.170.[[9]]
¶ 12 Two things are clear from a reading of this statute as a whole. First, although the first sentence uses the undefined term "automatic periodic adjustments," nowhere does the statute state such adjustments are effective without court order. Second, this statute refers to RCW 26.09.170, another statute dealing with the same subject matter  child support. Thus, in order to harmonize these two statutes, we look to the latter statute for guidance.
¶ 13 RCW 26.09.170(1)(a) provides:
[P]rovisions of any decree respecting maintenance or support may be modified: (a) Only as to installments accruing subsequent *1132 to the petition for modification or motion for adjustment except motions to compel court-ordered adjustments, which shall be effective as of the first date specified in the decree for implementing the adjustment; and, (b) except as otherwise provided in subsections ... (9) ... of this section, only upon a showing of a substantial change of circumstances.[[10]]
¶ 14 This statute sets forth the procedural mechanism by which child support obligations of "any decree" may be modified. That mechanism is either by petition or motion. In the latter case, the motion would include a motion for adjustment or motion to compel court-ordered adjustment. Nothing in this statute either expressly or impliedly permits a child support obligation imposed by a decree or other order to be unilaterally modified by either party with a duty of support. We shall not rewrite the statute to permit such a result.
¶ 15 We have no doubt that if the legislature had intended this type of self-help that Randolph argues is authorized, it could have done so. This is so particularly in view of the legislature's careful crafting of amendments recognizing that a court may order prospective periodic adjustments of support.[11] However, it did not state or remotely suggest that child support adjustments are to be effective without court order.
¶ 16 There is an additional practical problem with the construction of the statute that Randolph urges. Child support payments become judgments when they become due.[12] But if there is no court order to reflect what the amount of support is, chaos reigns. Whether the parties stipulate to the amount based on the criteria set forth in the decree or the matter is resolved by motion, a court order memorializing the periodic change in child support is required.
¶ 17 Accordingly, when we read the provisions of RCW 26.09.100(2) together with those of RCW 26.09.170(1)(a), we conclude that periodic adjustments are only effective upon order of a court. Because that was not done here, Randolph remained liable for the amounts established by the original decree.
¶ 18 Randolph relies primarily on dicta in In re Marriage of Abercrombie,[13] to support his mistaken view. Abercrombie involved a dissolution decree that provided that monthly support obligations "shall be adjusted annually... by an amount determined under the Washington State Support Schedule ... or by $50 per month, per child, whichever is greater."[14] This court noted that the clause was not self-executing and did not provide for automatic adjustments to child support simply because it used the word "shall." Thus, the husband was barred from seeking retroactive child support adjustments.[15] In passing, the court stated "[a] child support obligation does not change without court action, except where a decree provides specifically for an automatic periodic adjustment."[16] Randolph seizes on this text to support his position.
¶ 19 Abercrombie is not helpful here. The issue of construing the statutory amendments now before us was not before that court. This court also later distinguished Abercrombie in In re Marriage of Ayyad.[17] Construing a similar child support adjustment provision, the Ayyad court distinguished Abercrombie on the basis that "the decree in [Abercrombie] was entered before the Legislature adopted the automatic periodic adjustment provision contained in RCW 26.09.100(2)," the appellant had not relied on *1133 the statute and, more importantly, because neither party in that case had appealed an earlier ruling that the annual increase clause was unenforceable.[18] In short, the dicta in Abercrombie is not useful here. And we have not found any legislative history that is helpful to the specific issue before us.[19]
¶ 20 Randolph next maintains that the 1991 amendments to the statute were clearly intended to reduce costs to parties. He claims that in the absence of a dispute, neither party need engage counsel nor involve the court system. But the undisputed facts here illustrate the fallacies of this argument. There was a dispute here. Lyle never agreed to Randolph's unilateral reduction in the obligations imposed by the original decree. She finally was required to employ counsel to respond to his self-help approach to the matter. And he too decided to employ counsel during this appeal. We fail to see how his approach avoided the intervention of the courts in this matter, as he suggests his interpretation of the statute should.
¶ 21 We conclude that the trial court properly entered judgment against Ralph for the amount of his arrearages, as calculated by the provisions of the original decree.

ATTORNEY FEES
¶ 22 Lyle requests attorney fees on appeal under RCW 26.18.160, which provides in part that "[i]n any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees."[20] We award her fees on appeal, subject to compliance with RAP 18.1.
¶ 23 Lyle also cross-appeals what appears to be scrivener's error in the judgment to the extent of the amount of attorney fees awarded to her below. The trial court should correct this error on remand. We remand this matter to the trial court for a determination of the amount of Lyle's fees on appeal and to correct the error in the judgment below.[21]
¶ 24 We affirm the judgment for the arrearages, award attorney fees to Lyle on appeal, and remand to the trial court for further proceedings.
WE CONCUR: SCHINDLER, A.C.J., and ELLINGTON, J.
NOTES
[1] RCW 26.09.100(2) (child supportapportionment of expensesperiodic adjustments or modifications).
[2] We refer to the parties by first name for clarity. We intend no disrespect.
[3] RCW 6.17.020; see In re Marriage of Watkins, 42 Wash.App. 371, 374, 710 P.2d 819 (1985) (Child support payments become vested judgments as the installments come due).
[4] State v. Costich, 152 Wash.2d 463, 470, 98 P.3d 795 (2004).
[5] In re Custody of Smith, 137 Wash.2d 1, 9, 969 P.2d 21 (1998) (quoting State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995)).
[6] Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 11, 43 P.3d 4 (2002).
[7] Monroe v. Soliz, 132 Wash.2d 414, 425, 939 P.2d 205 (1997) (quoting King County v. Taxpayers of King County, 104 Wash.2d 1, 9, 700 P.2d 1143 (1985)); see also State v. Fairbanks, 25 Wash.2d 686, 690, 171 P.2d 845 (1946) ("It is a cardinal rule that two statutes dealing with the same subject matter will, if possible, be so construed as to preserve the integrity of both.").
[8] Heller v. McClure & Sons, Inc., 92 Wash.App. 333, 337, 963 P.2d 923 (1998).
[9] (Emphasis added.)
[10] (Emphasis added.)
[11] RCW 26.09.100(2) mandates use of the provisions of chapter 26.19 RCW as the basis for adjustments or modifications. Moreover, the provision for periodic adjustment shall not conflict with RCW 26.09.170 except the adjustments may be more frequent than the twenty-four months stated in RCW 26.09.170(10).
[12] RCW 6.17.020; see Marriage of Watkins, 42 Wash.App. at 374, 710 P.2d 819.
[13] 105 Wash.App. 239, 19 P.3d 1056, review denied, 144 Wash.2d 1019, 32 P.3d 284 (2001).
[14] Abercrombie, 105 Wash.App. at 240, 19 P.3d 1056.
[15] Id. at 243, 19 P.3d 1056.
[16] Id. (emphasis added).
[17] 110 Wash.App. 462, 471 n. 3, 38 P.3d 1033, review denied, 147 Wash.2d 1016, 56 P.3d 991 (2002).
[18] Ayyad, 110 Wash.App. at 471 n. 3, 38 P.3d 1033.
[19] 1991 Final Legislative Report, 52nd Wash. Leg., Engrossed Substitute S.B. 5996, at 264-65.
[20] RCW 26.18.160.
[21] RAP 18.1(i).