**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Marriage of | No. 56263-4-II |
| JULIETTE LEILANI GAINES, | |
| Respondent, | |
| v. | |
| DANIEL EUGENE GAINES, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Daniel Eugene Gaines and Juliette Leilani Parker[1] married and had a daughter in 2003. They divorced in 2004. The trial court ordered Gaines to pay child support. Seventeen years later, when he owed $69,000 in back child support and interest, Gaines moved to modify his child support obligation. A superior court commissioner denied the motion, and a superior court judge declined to revise the commissioner's ruling.

Gaines argues the superior court erred by denying his motion to revise the commissioner's ruling because he was improperly served in the 2004 dissolution proceedings and no party lived in Washington at the time, so Washington courts lacked jurisdiction. We hold that the superior court did not abuse its discretion by denying Gaines's motion to revise, and we affirm.

FACTS

Gaines and Parker married and had their daughter in 2003. Parker filed for dissolution of marriage in Pierce County in 2004, and the superior court ordered Gaines to pay child support until

---

[1] During the September 2021 court appearance, Juliette stated that her surname is now Parker. Therefore, we refer to her by her current surname.

the child turned 18. Gaines apparently failed to meet his obligation, and by 2021, when his daughter turned 18, he owed about $69,000 in back child support and interest.

In 2021, Gaines petitioned for modification of his child support obligation. The record contains two declarations he submitted to the superior court, arguing that Washington lacked jurisdiction to enter the child support order in 2004 because his daughter was born in Louisiana; that the couple was living in Louisiana when the petition was filed; and that he was improperly served with the dissolution papers, rendering the child support order void. Gaines acknowledged that his daughter may have been conceived within Washington when he was stationed here on military service. A superior court commissioner denied Gaines's petition to modify in an order that is not in our record. It appears the commissioner explained that Gaines's arguments that the original child support order was void were not properly within the scope of what can be asserted in a petition to modify child support.

Gaines moved to revise the denial of his motion to modify child support. At a hearing, the superior court judge told Gaines, who was pro se, that he had 10 minutes to argue his case. Gaines repeated his jurisdiction and service arguments, asserting that "the entirety of the 2004 matter" was void. Verbatim Report of Proceedings (VRP) (Sept. 10, 2021) at 9. He also accused Parker's counsel and "several members of the judiciary" of committing "fraud upon the courts." *Id.* at 9-10. Parker's counsel briefly responded, explaining that the daughter was now an adult so child support was no longer accruing, Gaines had never contested the dissolution, "and the real crux of this matter is he's trying to set aside an Order of Child Support in which he is now $69,000 in arrears." *Id.* at 13. "The State of Washington had proper jurisdiction. He was properly served . . . in the presence of law officers, and this action currently pending is frivolous." *Id.*

The superior court judge noted that the commissioner had acknowledged Gaines's objection to jurisdiction but concluded it "can't be addressed upon a petition to modify child support." *Id.* at 15. The judge also said, "The proof that's in the file indicates that there is jurisdiction." *Id.* The judge explained, "Your petition calls itself a 'petition to modify,' but what it really is is an attack on the petition itself. That's not appropriate for this particular sort of proceeding." *Id.* The superior court declined to revise the commissioner's ruling.

Gaines appeals the denial of the motion to revise the commissioner's ruling.

ANALYSIS

Gaines alleges various procedural errors and that the superior court lacked jurisdiction to enter the 2004 child support order. He contends the superior court improperly limited his time for argument, erred by not addressing Gaines's challenges to jurisdiction and due process, and abused its discretion by denying the motion to revise. His other assignments of error include assertions that the superior court erred by "stating it was not appropriate to follow state rules for civil procedure" because the judge informed Gaines that a petition to modify was not the correct mechanism to void a child support order. Br. of Appellant at 6. He also assigns error to the superior court's actions of "not remedying Void Orders," and "failing to comply with Judicial Canon 1 Rule 1.1 A Judge Must Comply with the Law." *Id.*

When a party appeals "an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). But, a denial of revision "constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." *Id*. at 27-28. We do not have the commissioner's written decision or oral ruling in our record, but

3

the superior court judge described the commissioner's reasoning during the hearing on the motion to revise.

"A party to an order of child support may petition for a modification based upon a showing of substantially changed circumstances at any time." RCW 26.09.170(5)(a). We review a decision to grant or deny modification of child support for abuse of discretion, which occurs when the superior court's decision rests on untenable grounds. *In re Marriage of Dodd*, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). Any modification of Gaines's child support obligation would affect only subsequent installments. RCW 26.09.170(1)(a). Retroactive modification of child support occurs only in very limited circumstances,[2] and overdue payments become vested judgments. *In re Marriage of Glass*, 67 Wn. App. 378, 388-89, 835 P.2d 1054 (1992).

The party seeking review of an issue has the burden of providing an adequate record. *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). This court may "'decline to address a claimed error when faced with a material omission in the record'" or "simply affirm the challenged decision if the incomplete record before us is sufficient to support the decision." *Id.* (quoting *State v. Wade*, 138 Wn.2d 460, 465, 979 P.2d 850 (1999)).

Gaines owed approximately $69,000 in back child support and interest at the time of his motion to modify. Gaines had ceased accruing new child support obligations on his daughter's 18th birthday under the order. Thus, any modification of the order would not have affected Gaines's obligation to pay the principal judgment and interest he owed for many years of missed child support payments. *Glass*, 67 Wn. App. at 388-89.

---

[2] A court can compel "an adjustment previously ordered by the court." *In re Marriage of Abercrombie*, 105 Wn. App. 239, 243, 19 P.3d 1056 (2001).

To the extent Gaines is arguing that the superior court should have relieved him from paying the amount of child support currently in arrears, the superior court was correct that a motion for modification of child support is not the right mechanism. In order to seek a ruling from the superior court that the 2004 child support order was void, Gaines had to bring a motion to vacate under CR 60(b)(5), which he did not do. Thus, it was not an abuse of discretion for the superior court to deny the motion to revise.

Moreover, based on the limited record provided, we cannot determine that the superior court lacked jurisdiction to enter the child support order in the first place. Washington courts have jurisdiction over a petition for dissolution if one of the parties is a member of the armed forces stationed in the state. RCW 26.09.030(3). And the Uniform Interstate Family Support Act, chapter 26.21A RCW, allows Washington courts to exercise personal jurisdiction over a nonresident "to establish or enforce" a child support order if "[t]he individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse." RCW 26.21A.100(1)(f).[3]

Very little of the record that was before the superior court has been designated on appeal. The record on review shows that Gaines has admitted his daughter may have been conceived within Washington when he was stationed in the state on military service. The commissioner and superior court judge had the entire record before them and neither concluded there was a defect in jurisdiction. In their oral ruling, the judge who denied revision said, "The proof that's in the file indicates that there is jurisdiction." VRP (Sept. 10, 2021) at 15. Based on the record before us, we

---

[3] Additionally, Washington's long-arm statute provides that a person submits to jurisdiction in Washington for causes of action arising from acts listed in the statute, including "sexual intercourse within this state with respect to which a child may have been conceived." RCW 4.28.185(1)(e).

No. 56263-4-II

cannot find that the superior court erred when it came to this conclusion. *See Sisouvanh*, 175 Wn.2d at 619.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Maxa, J.

Lee, J.