# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
)
TIMOTHY W. FITZGERALD, )
)
        Appellant, )
)
        and )
)
THERESA L. FITZGERALD, )
)
        Respondent. )
_____ )

No. 73239-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 19, 2016

TRICKEY, J. — Timothy Fitzgerald appeals from trial court orders denying his motion to enforce a stipulated agreement and finding that he owed past due spousal maintenance and child support. He also contends the trial court erred in denying his request for attorney fees. Because Timothy fails to establish any reversible error or abuse of discretion, we affirm.

## FACTS

Timothy and Theresa were married in 1988.[1] During the marriage Timothy was an active duty member of the military and Theresa was the primary caregiver for the couple's four children. When the parties separated in 2012, two of the couple's children, C.F. and K.F., were still under the age of 18 and living at home.

Following mediation, at which both parties were represented by counsel, the parties entered an agreed decree of dissolution on June 21, 2013. The decree provided that Timothy would pay Theresa $1,000 per month in spousal maintenance for 60 months, subject to termination upon Theresa's remarriage or death. The decree also provided

_____

[1] For clarity, we refer to the parties by their first names.

that maintenance "shall be modifiable" at the end of September 2013 when Timothy was scheduled to retire from the military and Theresa would begin receiving a proportionate share of his military retirement pay.[2] The parties entered an agreed order of child support requiring Timothy to pay $1,000 per month in child support for C.F. and K.F., for a total of $2,000.

On October 7, 2013, Timothy sent Theresa a letter requesting to modify his child support and maintenance obligations in light of his recent retirement. Timothy proposed paying a total of $1,500 for the month of October for both maintenance and child support, terminating maintenance beginning in November, and thereafter reducing the child support payment to $127.65 per month.

On October 17, 2013, Theresa responded in writing, agreeing to accept the October payment of $1,500 but rejecting Timothy's proposal for child support. Theresa instead proposed reducing the child support payment to $794.66 per month.

On November 8, 2013, Timothy sent Theresa a proposed order modifying the decree and child support order. Timothy proposed to terminate the maintenance payment completely and reduce his child support obligation to $500 per month as of November 1.

Theresa did not sign Timothy's proposed order. Instead, on November 30, 2013, Theresa sent Timothy an e-mail containing a different proposed order. The e-mail, sent by Theresa's attorney, states, in its entirety: "Greetings. I received your voice message. Please find attached an Agreement Re: Child Support and Maintenance. I will be out this coming week, but checking my e-mails."[3] The attached order, not signed by Theresa or her attorney, provided that Timothy pay $500 per month in child support because Timothy

---

[2] Clerk's Papers (CP) at 37-38.
[3] CP at 215.

"has now retired from the military at age 53 and is currently voluntarily unemployed," and that the child support payment be modifiable if Timothy obtained new employment.[4] The order also provided that Timothy, "currently unemployed, does not have the ability to pay the spousal maintenance ordered" and that maintenance payments be "temporarily suspended until the first month [Timothy] obtains employment."[5] Timothy was also required to notify Theresa within seven days if he obtained new employment. The order provided that "unless modified herein, all other provisions of the parties' Decree of Dissolution and Order of Child Support shall remain in full force and effect."[6]

Timothy did not sign and return Theresa's proposed order. However, beginning in November, he ceased making maintenance payments and reduced his child support payments to $500 per month.

Sometime in April 2014, Timothy was appointed Clerk of the Spokane County Superior Court. According to Theresa, Timothy did not notify her of his new employment, nor did he resume maintenance payments.

In June 2014, C.F. graduated from high school and Timothy unilaterally reduced his child support payment to $250 for K.F. only.

In August 2014, Timothy signed and returned Theresa's November 30, 2013 proposed order suspending maintenance payments and reducing child support payments to $500 per month. In a cover letter, Timothy apologized for the delay in responding, stating that he "simply lost sight of the matter."[7] Timothy stated that his job future was uncertain, due to the upcoming election, "but for now we can resume discussion about

---

[4] CP at 52-53.
[5] CP at 54.
[6] CP at 54.
[7] CP at 227.

3

finalizing this matter."[8] Timothy also requested updated information regarding Theresa's income in order to "get this matter finalized."[9]

Timothy continued to pay Theresa $250 per month in child support and make no maintenance payments. Theresa did not sign the proposed order nor enter it with the court. In November 2014, Timothy won re-election to a four-year term of office. In December 2014, Timothy sent Theresa a letter confirming that he had been re-elected, that "his income would be predictable for four years" and "that support can be calculated according to the parties' respective incomes."[10]

In January 2015, Theresa moved for an order finding Timothy in contempt for failing to pay maintenance and child support since October 2013. Theresa asserted that she waited to seek past due maintenance and child support until after the November election when Timothy's income was assured. Timothy subsequently filed a motion to enforce Theresa's November 30 proposed order pursuant to Civil Rule (CR) 2A, asserting that "[t]here is no question the parties had reached a temporary agreement on child support and spousal maintenance" and that the proposed order "was not only drafted by [Theresa's attorney], but it had been followed by the parties for well over one year."[11] Timothy also requested the superior court sanction Theresa's attorney and award him attorney fees pursuant to CR 11.

The superior court found that Timothy had failed to pay Theresa a total of $16,750 in child support between October 2013 and January 2015. The superior court also found that Timothy failed to pay Theresa a total of $8,500 in maintenance for the month of

---

[8] CP at 227.
[9] CP at 227.
[10] CP at 181.
[11] CP at 44.

4

October 2013 and between May 2014 and January 2015. The superior court ordered that the maintenance payments accruing between November 2013 and April 2014 were suspended due to Timothy's unemployment and would be "added to the back end of the 60-month obligation."[12] The superior court denied Theresa's motion to find Timothy in contempt, concluding that it was not a "willful violation" and Timothy was operating under the "good faith belief that there was an agreement."[13] The superior court denied Timothy's motion to enforce the November 30 proposed order, concluding that it constituted only a "tacit acknowledgement," rather than a "mutuality of obligation."[14] The superior court reserved ruling on the issue of attorney fees. Timothy appeals.

## ANALYSIS

Timothy contends that when he assented to Theresa's November 30 proposed order, this constituted a binding agreement to modify the decree and child support order. Consequently, he argues, the superior court erred in denying his motion to enforce the agreement and in finding that he owed past due maintenance and child support.

CR 2A governs enforcement of a settlement agreement. It provides:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

RCW 2.44.010 similarly provides:

> An attorney and counselor has authority:
> (1) To bind his or her client in any of the proceedings in an action or special proceeding by his or her agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and

---

[12] Report of Proceedings (RP) at 5.
[13] RP at 7.
[14] RP at 4-5.

5

stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him or her, or signed by the party against whom the same is alleged, or his or her attorney.

We review the decision to enforce a settlement agreement pursuant to CR 2A de novo. Condon v. Condon, 177 Wn.2d 150, 162, 298 P.3d 86 (2013). The party moving to enforce a settlement agreement carries the burden of proving there is no genuine dispute as to the material terms or existence of the agreement. Condon, 177 Wn.2d at 162. The court must read the parties' submissions in the light most favorable to the nonmoving party and determine whether reasonable minds could reach but one conclusion. Condon, 177 Wn.2d at 162.

While a formal, integrated, written contract is unnecessary for CR 2A, the informal writings must contain a clear expression of the terms and an intent to be bound. Morris v. Maks, 69 Wn. App. 865, 869, 850 P.2d 1357 (1993). To be bound by an agreement, the parties must objectively manifest their mutual assent to the essential terms. Yakima Cnty. Fire Prot. Dist. No. 12 v. City of Yakima, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). A party manifests assent to an agreement when the reasonable meaning of the party's words and acts, notwithstanding any subjective expressions of intent, indicates assent. City of Everett v. Sumstad's Estate, 95 Wn.2d 853, 855-56, 631 P.2d 366 (1981).

Here, Timothy's actions did not indicate that he assented to be bound by the November 30 proposed order. First, Timothy delayed signing and returning the order for nearly nine months. When he finally did so, he requested additional income information from Theresa and expressed a desire to "resume discussion about finalizing this

matter."[15] Three months later, he again contacted Theresa indicating that his income would be stable for the next four years and the parties could calculate child support based on that income. This suggests that negotiations were ongoing. Moreover, the record contradicts Timothy's claim that he "demonstrated . . . acceptance of the agreement by performing under the terms for thirteen months."[16] While the proposed order required Timothy to notify Theresa within seven days of accepting new employment, Timothy did not do so. Nor did Timothy resume paying maintenance the first month he became employed. The superior court did not err in determining that the proposed order was not enforceable against Theresa pursuant to CR 2A.

Even assuming the proposed order constituted an enforceable agreement, the superior court did not err in finding that Timothy owed past due maintenance and child support and entering a judgment against him. When reviewing challenged findings of fact and conclusions of law, we determine if substantial evidence supports the findings and if the findings of fact, in turn, support the conclusions of law. In re Estate of Langeland, 177 Wn. App. 315, 320, 312 P.3d 657 (2013), review denied, 180 Wn.2d 1009, 325 P.3d 914 (2014). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding. Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).

The decree ordered Timothy to pay maintenance for 60 months. The November 30 proposed order provided that Timothy's maintenance obligation would be suspended for any months he was unemployed. The record shows that Timothy was unemployed between October 2013, when he retired from the military, and April 2014, when he

---

[15] CP at 227.
[16] Appellant's Reply Br. at 4.

accepted employment with Spokane County. The court accordingly deferred his requirement to pay during those months, and extended the 60-month obligation to account for the tolled period. The court properly determined that Timothy owed Theresa $8,500 in maintenance for the period of time that he was employed.

The decree also ordered Timothy to pay $1,000 per month in child support per child while the children were under the age of 18 or still in high school. Timothy therefore owed $2,000 per month until June 2014, when C.F. graduated from high school, at which point he owed $1,000 per month. Though Timothy contends he and Theresa agreed his obligation would be reduced to $250 per month for each child, agreements between parents regarding modification of prospective child support are invalid as against public policy. Hartman v. Smith, 100 Wn.2d 766, 768, 674 P.2d 176 (1984); In re Marriage of Watkins, 42 Wn. App. 371, 373-74, 710 P.2d 819 (1985). "Child support belongs to the children, not the custodial parent; the custodial parent only receives the support as a trustee for the children and, hence, has no authority to waive the children's rights to that support." In re Marriage of Pippins, 46 Wn. App. 805, 808, 732 P.2d 1005 (1987). Because the parties did not have the authority to modify Timothy's child support obligation absent a court order, the superior court properly found that Timothy owed $16,750 in past due child support.

Timothy contends that Theresa should be equitably estopped from seeking past due maintenance and child support for "remaining silent" until January 2015, when she sought a finding of contempt.[17] "The doctrine of equitable estoppel is applicable when a person, by her acts or representations, causes another to change his position to his

---

[17] Appellant's Br. at 16.

detriment. In such a case, the person who performs such acts or makes such representations will be precluded from asserting to her own advantage the conduct or forbearance of the other party." Hunter v. Hunter, 52 Wn. App. 265, 271, 758 P.2d 1019 (1988).

In the alternative, Timothy argues, the doctrine of laches should bar Theresa's claims. To establish laches, an equitable defense based on estoppel, a party has the burden of proving that (1) the other party had knowledge of the facts constituting a cause of action or a reasonable opportunity to discover such facts; (2) there was an unreasonable delay in commencing the action; and (3) there is damage to the claiming party resulting from the delay. Watkins, 42 Wn. App. at 374. "'Absent unusual circumstances, the doctrine of laches should not be invoked to bar an action short of the applicable statute of limitation.'" In re Marriage of Capetillo, 85 Wn. App. 311, 317, 932 P.2d 691 (1997) (quoting Hunter, 52 Wn. App. at 270). "[E]quitable relief from past-due support obligations should be limited to those cases where enforcement would create a severe hardship on the obligor-parent." Capetillo, 85 Wn. App. at 319. A party seeking equitable relief must be "free from fault in the transaction at issue." Rhoades v. City of Battle Ground, 115 Wn. App. 752, 769-70, 63 P.3d 142 (2002). We review a superior court's decision to apply equitable principles for abuse of discretion. Capetillo, 85 Wn. App. at 319.

Here, neither equitable estoppel nor laches is applicable because Timothy has not shown that he relied on Theresa's actions to his detriment. A party "cannot be said to be 'damaged' simply by having to do now what he was legally obligated to do years ago." Hunter, 52 Wn. App. at 271. In addition, Timothy was equally at fault for not petitioning

to modify the decree and child support order. Finally, any delay by Theresa in seeking past due maintenance and child support was not unreasonable. There were practical considerations involved in her decision to wait until after the November election, and her claims were well within the statute of limitations.[18]

Finally, Timothy contends that he was entitled to an award of attorney fees pursuant to CR 11 for Theresa's "disingenuousness in . . . attempting to . . . circumvent the parties' stipulated agreement."[19] We review a superior court's decision to award attorney fees as a CR 11 sanction for abuse of discretion. Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). Because the superior court reserved ruling on the issue of attorney fees for either party, Timothy fails to establish an abuse of discretion.

Theresa requests attorney fees and costs on appeal under RCW 26.09.140. Determining whether a fee award is appropriate under RCW 26.09.140 requires the court to consider the parties' relative ability to pay and the arguable merits of the issues raised on appeal. Leslie v. Verhey, 90 Wn. App. 796, 807, 954 P.2d 330 (1998). Having considered the merits of this appeal as well as the financial resources available to both parties, we exercise our discretion and grant Theresa attorney fees and costs on appeal under RCW 26.09.140, the amount of which will be determined by a commissioner of this court upon compliance with RAP 18.1(d).

---

[18] The statute of limitations for past due maintenance is 10 years from the date of the decree, and the statute of limitations for past due child support is 10 years from "the eighteenth birthday of the youngest child named in the order for whom support is ordered." RCW 4.16.020(2), (3).

[19] Appellant's Br. at 19.

Affirmed.

_Trickey, J_

WE CONCUR:

_Spearman, C.J._                    _Cox, J._